# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROBERT L. SMITH** | **CIVIL ACTION NO. 05-1131-M** |
| VS. | SECTION P |
| **BUGLER TOBACCO CO., ET AL.** | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of plaintiff Robert L. Smith filed pro se and in forma pauperis on June 2, 2005.[1] Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Riverbend Detention Center (RBDC), Lake Providence, Louisiana. He complains that since his arrival at RBDC on July 14, 2004, he has been and continues to be exposed to "second hand" tobacco smoke at that facility. He named the Bugler Tobacco Co.; the State of Louisiana, and RBDC as his defendants. He prays for $40 million in damages for current and future health problems.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and

---

[1] Plaintiff filed his complaint in the United States District Court for the Middle District of Louisiana on June 2, 2005. Since the claims arose while plaintiff was incarcerated within the geographical jurisdiction of this court, his complaint was transferred on June 24, 2005. [Doc. 3]

Corrections. He has been incarcerated at RBDC since July 14, 2004. He complains that there are no non-smoking dorms and that 99% of the residents of his dormitory smoke Bugler tobacco "all day and all night." He claims that his exposure to tobacco smoke has caused him to develop constant chest pain, coughing, itching and burning throat and sinus problems.

He acknowledges that RBDC has a prison grievance procedure, but he admits that he did not exhaust these administrative remedies prior to filing suit. His reason for not exhausting administrative remedies is as follows: "During the first part of the year 2005 River Bend Detention Center passed forms out for inmates who wanted to be put in a smoke free dorm. I signed the form, but nothing never [sic] happened afterwards about those forms. I'm still forced to be subjected to second hand smoke daily."

## LAW AND ANALYSIS

The Civil Rights of Institutionalized Persons Act, codified at 42 U.S.C. §1997e, was amended on April 26, 1996 by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion of available administrative remedies mandatory in prison conditions cases.

Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies – <u>No action</u> shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted.</u> (Emphasis supplied)

This is a prison condition case, exactly the type of case which can best be resolved by corrections officials without resort to judicial action. With respect to plaintiff's claims, the pleadings, including plaintiff's admission, establish that plaintiff failed to exhaust all available

2

administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a).

Plaintiff claims that he signed a form requesting a smoke-free dorm sometime during the early part of this year. He claims that since no action was taken on his request, he did not thereafter avail himself of the administrative remedies procedures.

The undersigned will assume (for the sake of this Report) that the request filed in early 2005 should be construed as the filing of an administrative remedies procedure grievance. The failure of the RBDC administration to respond to that grievance did not absolve plaintiff from continuing the ARP process.

As noted above, plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was in their custody upon his entry into RBDC. Administrative remedies procedures have been adopted by the Louisiana Department of Public Safety and Corrections, sheriff's maintaining parish jails or correctional centers, and even private corporations maintaining correctional centers. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857.

In relevant part, the regulations governing administrative remedies for prisoners in the custody of the Louisiana Department of Public Safety and Corrections provide:

> G. Process
>
> 1. First Step (Time Limit 40 days)
>
> a. <u>The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought</u> ... This letter should be written to the warden within 30 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP Screening Officer and a notice will be sent to

the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. <u>The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.</u>

b. For inmates wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

2. Second Step (Time Limit 45 days)

a. <u>An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision</u>. A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. A copy of the Secretary's decision will be sent to the warden.

*    *    *

4. Deadlines and Time Limits

a. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, <u>expiration of response time limits shall entitle the inmate to move on to the next Step in the process</u>. Time limits begin on the date the request is assigned to a staff member for the First Step response.

Giving plaintiff the benefit of every doubt, it appears that he did not exhaust the final administrative remedy that was available to him by filing an appeal to the Secretary of the Department of Public Safety and Corrections.

Even if plaintiff's request for a smoke-free dorm is considered as a First Step Grievance,

plaintiff was still required under the regulations to assume that his requests had been denied and to pursue the Second Step remedy by filing an appeal with the Secretary of the Department.

Under current law, plaintiff must have <u>fully</u> exhausted the administrative remedy procedure before proceeding herein. The statute provides for no exceptions.[2] The statute precludes any further action on his claims until he has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."*)*; *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Thus, since it does not appear that plaintiff exhausted administrative remedies prior to filing this suit, his complaint is subject to dismissal on that basis.

---

[2] See also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), "... we hold that the PLRA's exhaustion requirement <u>applies to all inmate suits about prison life</u>, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. (citation omitted)"

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** for failure to exhaust all available administrative remedies prior to filing suit as mandated by the provisions of 42 U.S.C. §1997e(a).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this <u>17th</u> day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE